UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOANNA LIN AGUILAR,

    Plaintiff,                            Case No. 18-cv-11077

    v.                                   Honorable Gershwin A. Drain

NANCY A. BERRYHILL,
ACTING COMMISSIOPNER
SOCIAL SECURITY ADMINISTRATION,

    Defendant.

_____/

## ORDER OVERRULING PLAINTIFF'S OBJECTIONS [#16], ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION [#15] DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [#13] AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [#14]

### I. INTRODUCTION

This matter is before the Court on Plaintiff's appeal of the social security commissioner's decision to deny her social security disability benefits. Plaintiff filed an application for social security disability benefits on November 26, 2014. [ECF No. 13, pg. 3]. The administrative law judge (ALJ) denied her application on April 26, 2017. *Id*. at pg. 4. At Plaintiff's hearing, the ALJ found that Plaintiff had the residual functional capacity to perform sedentary work. *Id*. Though Plaintiff would require a "sit/stand option," she would be able to perform "work involving

1

simple, routine, and repetitive unskilled tasks performed at Specific Vocational Preparation (SVP) levels 1 or 2." [ECF No. 13, pg. 5]. When presented with a hypothetical, the Vocational Expert (VE) "testified that a person with Plaintiff's RFC could perform the requirements of jobs that exist in numbers in the national economy, including printed circuit checker, rotor assembler, and surveillance systems monitor." [ECF No. 15, pg. 3]. While Plaintiff is unable to perform past relevant work, the ALJ found that Plaintiff could perform a number of jobs in the economy and denied her benefits. As a result, Plaintiff filed a request for review which was also denied on February 6, 2018.

Plaintiff filed the instant action on April 3, 2018. Plaintiff filed a Motion for Summary Judgment on September 24, 2018. Defendant subsequently filed a Motion for Summary Judgment on October 24, 2018. Upon review, Magistrate Judge Mona K. Majzoub has recommended that the Plaintiff's Motion for Summary Judgment be denied, Defendant's Motion for Summary Judgment be granted, and that the case be dismissed in its entirety in her Report and Recommendation filed on June 4, 2019.

## II. STANDARD OF REVIEW

This Court employs "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."

28 U.S.C. § 636 (b)(1)(C). This Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*. However, when objections are "merely perfunctory responses… rehashing…the same arguments set forth in the original petition, reviewing courts should review [a Report and Recommendation] for clear error." *Ramirez v. United States*, 898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012). In addition, "general objection[s] to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

### III. ANALYSIS

Plaintiff makes one objection to Magistrate Judge Majzoub's Report and Recommendation. Plaintiff's sole objection asserts that "the Magistrate Judge improperly excused the ALJ's failure to properly apply the treating physician rule." [ECF No. 16, pg. 2]. When properly applied, the opinion of a treating physician on the issues of the nature and severity of the patient's impairments is given controlling weight if the opinion is "well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record." C.F.R. §404.1527(c)(2). If the ALJ declines to give a treating source's opinion controlling weight, she must balance the following factors to determine the appropriate weight to give the treating

3

source's opinion: the length of the treatment relationship and the frequency of examination, nature and extent of the treatment relationship, supportability, consistency, specialization, and other factors brought to the attention of the reviewing authority in determining the amount of weight that the opinion should have. The ALJ is required to provide "good reasons" supporting the amount of weight given to the treating physician's opinion. *Id*.

Plaintiff argues that the relief she experienced from the bilateral sacroiliac injections as cited by the ALJ and accepted by Magistrate Judge Majzoub was temporary and further contends that Dr. Rommel Aquino noted that she failed the injections. She argues that her temporary relief does not amount to a good reason for discounting Dr. Aquino's opinion. Plaintiff's argument is inconsistent with evidence in the record. Not only was Plaintiff able to take her children to an amusement park after receiving the injections, but it was her decision to forgo the injections in favor of exercises that would strengthen her back. The success, or lack thereof, of the injections was not an objective assessment. Rather, it rested on the subjective report of the Plaintiff. Defendant's Motion for Summary Judgment notes that Plaintiff's true reason for not receiving the third injection was because "at the time she did not have insurance." [ECF No. 14, pg. 14]. The success of the injections is misconstrued with Plaintiff's ability to afford her treatment and further inconsistent with other evidence in the record.

Plaintiff further asserts that Magistrate Judge Majzoub "failed to deal with the ALJ's disregard of objective results that supported Dr. Aquino's findings." [ECF No. 16 pg. 4]. Plaintiff had an MRI in 2006 which resulted in a diagnosis of nerve root encroachment and a more recent MRI that had a showing of degenerative disc disease, according to Dr. Aquino. Plaintiff claims that these objective tests were overlooked because they were not included in the record. However, it is more likely that the ALJ disregarded the testing because their results had little bearing on the outcome of the matter. In *Hill v. Comm'r of Soc. Sec.*, the Court determined that "disability is determined by the functional limitations imposed by a condition, not the mere diagnosis of it." 560 F. App'x 547, 551 (6th Cir. Mar. 27, 2014). Dr. Aquino did not limit Plaintiff's ability to work until eight years later in 2014. This shows that the results of those MRI's had little or no impact on Plaintiff's functionality and should not be given much or any weight in determining her current social security disability eligibility. Therefore, Magistrate Judge Majzoub correctly spent little time discussing Dr. Aquino's findings from the MRI's.

Lastly, Plaintiff contends that Magistrate Judge Majzoub "somewhat sidestepped" Plaintiff's challenge to the ALJ's observation that Dr. Aquino did not send her for further pain management, neurosurgical consultation, or rheumatology consultation. [ECF No. 16, pg. 5]. Plaintiff asserts that "pain management had been

a failure, which further explained the lack of a further referral in that regard." *Id*. However, Plaintiff noted a "significant reduction in pain following injections" and after her December 2014 visit to Dr. Aquino, she did not return until a year later, when "Dr. Aquino recommended a conservative course of treatment, including physical therapy and medication." [ECF No. 15, pg. 8]. This course of action and gap in visits speaks to the severity of Plaintiff's condition. The record supports the conclusion that Plaintiff was not referred for further analysis because her pain was managed by the treatment that she had been receiving. When Dr. Aquino referred Plaintiff to Dr. Tahil Jamil in March of 2014, the doctor observed that Plaintiff may have "exaggerated pain behaviors" that were inconsistent with the exam findings. [ECF No. 15, pg. 8]. It is clear that similar behavior persists and Plaintiff has been inconsistently reporting the severity of her condition.

Therefore, Magistrate Judge Majzoub correctly found that the ALJ provided good reasons for declining to adopt Dr. Aquino's proposed limitations, due to Plaintiff's relatively conservative treatment, improvement with steroid injections, and a gap in treatment for more than a year.

### IV. CONCLUSION

Upon review of the parties' briefing, the record, and the Magistrate Judge's Report and Recommendation, the Court concludes that Magistrate Judge Majzoub

6

correctly found the ALJ provided good reasons for rejecting Dr. Aquino's opinions. Therefore, Plaintiff's objection [ECF No. 16] is OVERRULED. The Court ACCEPTS AND ADOPTS Magistrate Judge Mona K. Majzoub's June 4, 2019 Report and Recommendation [#15]. Plaintiff's Motion for Summary Judgment [#13] is DENIED. Defendant's Motion for Summary Judgment [#14] is GRANTED. This action is dismissed.

    **SO ORDERED.**

Dated:      July 25, 2019

                                      s/Gershwin A. Drain
                                      HON. GERSHWIN A. DRAIN
                                      United States District Court Judge

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, July 25, 2019, by electronic and/or ordinary mail.

                                      s/Teresa McGovern
                                      Case Manager